Roger **FANDEL** and Anne Fandel, etc., Plaintiffs,

v.

**ARABIAN-AMERICAN OIL COMPANY,** Defendant.

Civ. A. No. 71-63.

United States District Court
District of Columbia.

July 15, 1964.

Michael J. Stack, Jr., Washington, D. C., for plaintiffs.

Alexander M. Heron, John A. Whitney, Washington, D. C., and Thomas F. Barry, New York City, for defendant.

LEONARD P. WALSH, District Judge.

The plaintiffs, Fandels, residents of California, bring this action against the Arabian-American Oil Company, a Delaware corporation, for damages arising out of injuries received by the plaintiff husband in Saudi Arabia. The defendant moves to quash service of process and to dismiss the action on the grounds that it is not "doing business" in the District of Columbia within the meaning of Section 103, Title 13, of the District of Columbia Code,[1] or Section 1391(c) of Title 28, United States Code.[2]

It appears from the depositions and affidavit in this case, that the defendant employs a vice-president and four employees in the District of Columbia on a permanent basis, with a combined monthly payroll of $10,000.00. These employees exchange information concerning the economic and political situation in Saudi Arabia with the Federal Government, other private corporations, and the Embassy of Saudi Arabia. They also include among their activities the escorting of Saudi Arabian visitors in Washington, and the briefing of United States military personnel assigned to the Middle East.

However, it does not appear that the employees of defendant solicit business in the District of Columbia. Mr. Owen, defendant's vice-president, in his affidavit states that the company

"does not produce, refine, sell, or deliver any oil or gas or by-products thereof in the District of Columbia, nor does it solicit, nor conduct any business with respect thereto in the District of Columbia. It makes no contracts for the sale or delivery of any of its oil or gas or by-products thereof in the District of Columbia."

The activities of the defendant Arabian-American in the District of Columbia are not sufficient to constitute "doing business" within the meaning of either the District of Columbia Code, or the Federal Venue Statute. Defendant does not meet the "solicitation plus maintaining an office" test laid down under Section 103 in Frene v. Louisville Cement Co., 77 U.S.App.D.C. 129, 134 F.2d 511, 146 A.L.R. 926 (1943). Nor is defendant engaged in the "systematic and continuous" solicitation of orders required by the doctrine of International Shoe v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), the case which provides the touchstone for interpreting 28 U.S.C. 1391(c), supra.

It is the opinion of this Court that the service of process on defendant Arabian-American Oil Company should be quashed, and the case dismissed for lack of jurisdiction. It might also be noted that an identical suit has been filed by plaintiffs in Delaware, the State of defendant's incorporation, and a jurisdiction in which defendant concedes it has been properly served.

Accordingly, it is this 15th day of July, 1964,

Ordered, that the motions of the defendant to quash service of process and to dismiss for lack of jurisdiction, be, and the same hereby are, granted.

1. "In actions against foreign corporations doing business in the District all process may be served on the agent of such corporation or person conducting its business * * *".

2. "A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."